Daniel C. Green (ISB#: 3213)
Heidi Buck Morrison (ISB#: 9396)
RACINE, OLSON, NYE &
BUDGE, CHARTERED
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208)232-6101
Fax: (208) 232-6109

*Attorneys for Gary L. Rainsdon*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In re: | Case No. 17-40973-JMM |
|---|---|
| WELLS ALAN WYATT, | (Chapter 7) |
| Debtors. | |

## STIPULATION FOR SETTLEMENT

COMES NOW Gary L. Rainsdon, (hereafter the "Trustee"), by and through his counsel of record Daniel C. Green and Wells Alan Wyatt (the "Debtor"), by and through his counsel of record Patrick John Geile, and hereby stipulate and agree as follows:

### BACKGROUND

1. The Debtor filed for relief under Chapter 7 on November 3, 2017 (the "Petition Date").

2. The Trustee is the duly appointed and acting Trustee of the bankruptcy estate of the Debtor.

3. In his Schedule C the Debtor claimed an exemption under Idaho Code § 11-207 in 75% of the funds in a Wells Fargo Checking Account, a Wells Fargo Savings Account, Wyatt Feeding Business Account at Banner Bank and a Wyatt L/S Inc. Account at Banner Bank (the "Bank Accounts").

4.  Debtor has also claimed an exemption under Idaho Code § 11-207 in 75% of the remaining retainer paid to Foley Freeman (the "Retainer").

4.  The Trustee filed an Objection to the Debtors' Claim of Exemption in the Bank Accounts and the Retainer on April 24, 2018 (Dkt. 79).

5.  In his objection, the Trustee alleged that the funds in the Bank Accounts and the Retainer do not represent "the aggregate disposable earnings of an individual" which are subject to garnishment pursuant to Idaho Code § 11-207(1), but are in fact funds generated from Debtor's business and that the Bank Accounts and Retainer are not "earnings" or "disposable earnings" as defined in Idaho Code § 11-206(1) and (2).

6.  On May 2, 2017, the Debtor filed a Response to the Trustee's Objection claiming that the "funds are derived from services provided by the Debtor and, therefore, are personal earnings subject to the 75% exemption pursuant to Idaho Code § 11-2017" (Dkt. 80).

7.  The Debtor has represented to the Trustee that there is only $740.00 in the Debtor's Wells Fargo Accounts and $0.00 in the Banner Bank Accounts.

8.  Debtor has represented to the Trustee that there is $3,400.00 in the retainer account.

9.  The parties to this Stipulation believe it is in their respective best interests to enter into this Stipulation for Settlement, and agree as follows:

## AGREEMENT

NOW THEREFORE, in consideration of the covenants and agreements contained herein, together with other good, legal and valid consideration, the receipt and legal sufficiency of which is hereby expressly acknowledged, the Trustee and the Debtors hereby agree as follows:

1.  <u>Settlement of Debtor's Exemption Claim</u>. Debtor shall turnover to the Trustee the sum of $3,000.00. Trustee agrees that Debtor's claim of exemption shall be allowed in the total

amount of $1,140.00. The Trustee further agrees to turn over to the Debtor a check in the Trustee's possession made payable to the Idaho State Brand Inspector.

2.  Amended Schedules. Debtor shall file an amended Schedule C to reflect the actual amounts in the Bank Accounts and correct amount of the Retainer.

3.  Bankruptcy Court Approval. This Agreement is conditioned and is specifically subject to the bankruptcy court's entry of an order approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 ("9019 Motion"). The Trustee will promptly file a motion seeking bankruptcy court approval of this Agreement. The Parties agree to cooperate with the Trustee by providing documents, information and testimony reasonably requested in an effort to secure bankruptcy court approval of this Agreement in accordance with all applicable law. Failure to obtain Bankruptcy Court approval shall void this Stipulation and each party shall retain their respective claims.

4.  Mutual Release of Claims. The Parties hereby release and forever discharge each other and each of their associates, affiliates, predecessors, successors, assigns, attorneys, agents and employees (collectively the "Release Parties") from any known or unknown claims, disputes, obligations or agreements, suits and attorneys fees and costs, of whatever nature, which the Parties had, now have, or may have related to the subject matter of this Stipulation and compromise.

5.  Miscellaneous Provisions. The following provisions are also an integral part of this agreement:

    i.    This Agreement shall bind and benefit the successors and assigns of the Parties hereto;

    ii.    Captions are for reference only and are not a part hereof;

    iii.    This Agreement may be signed in counterpart originals;

    iv.    A facsimile transmittal or an email transmission of a digital or electronic image bearing a signature will serve as delivery of an original;

    v.    The Agreement provisions are severable;

    vi.    No waiver will be construed as a continuing waiver or consent to a later breach;

    vii.    Rights and remedies are cumulative;

    viii.    This Agreement is the parties full and final Agreement and may not be modified, except in writing, signed by all parties;

    ix.    Each party has been afforded the opportunity to review this Agreement with his own counsel;

    x.    Upon reasonable request, the parties will take such further actions as are necessary to fulfill the intent of this Agreement;

    xi.    Each individual signing this Agreement in a representative capacity warrants his/her authority to bind the party for which it is signing; and

    xii.    The recitals to this Agreement are incorporated herein by reference and are a part of the facts upon which the parties are agreed.

DATED this 15 day of May, 2018.

    RACINE, OLSON, NYE
    & BUDGE, CHARTERED

    By: _____
    DANIEL C. GREEN

DATED this 25 day of May, 2018.

    By: _____
    PATRICK JOHN GEILE
    Attorney for the Debtor

STIPULATION FOR SETTLEMENT– Page 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __25__ day of May, 2018, I served a copy of the foregoing on CM/ECF Registered Participants as reflected below:

trustee@filertel.com
grainsdon@ecf.eqipsystems.com
tinal@filertel.com

Patrick John Geile
pgeile@foleyfreeman.com

U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

Wells Alan Wyatt
2095 E 500 South
Hazelton, ID 83335

/s/ Daniel C. Green
_____
DANIEL C. GREEN

STIPULATION FOR SETTLEMENT– Page 5