Daniel C. Green (ISB No. 3213)
Heidi Buck Morrison (ISB No. 9396)
RACINE OLSON, PLLP
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208) 232-6101
Fax: (208) 232-6109

*Attorneys for Gary L. Rainsdon*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>WELLS ALAN WYATT,<br><br>Debtor. | Case No. 17-40973-JMM<br>(Chapter 7) |

**TRUSTEE'S MOTION TO SELL REAL PROPERTY (119 PARK ST. S., HAZELTON, IDAHO) FREE AND CLEAR OF LIENS AND OTHER INTERESTS**

COMES NOW, the Chapter 7 Trustee, Gary L. Rainsdon (Trustee"), and hereby moves the Court, pursuant to 11 U.S.C. § 363(b) and (f), Rule 6004 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2002.1, for an order approving the sale free and clear of liens and encumbrances of property located at 119 Park St. S., Hazelton, Idaho 83335 (the "Real Property"). The information required by Local Bankruptcy Rule 2002.1 is as follows:

1.      **Description of Real Property**. The Real Property is located at 119 Park Street S., Hazelton, Idaho 83335, and is legally described as:

**Lot 9 Saunder's Subdivision No. 2 to the City of Hazelton, Jerome County, Idaho as the same is platted in the official plat thereof, now of record in the office of the Recorder of said County.**

2.      **Date, Time, and Place of Sale**. The sale is a private sale, not in the ordinary course of business. The Court will conduct a hearing on the Trustee's Motion on the **4th day of December, 2018, at the hour of 9:00 a.m. (MST) via Video – Boise to Pocatello**, to determine

TRUSTEE'S MOTION TO SELL REAL PROPERTY (119 PARK ST. S., HAZELTON, IDAHO) FREE AND CLEAR OF LIENS AND OTHER INTERESTS – Page 1

and rule on the Trustee's Motion and Notice to Sale Real Property and on any timely objections thereto.

3.    **Material Terms of Sale**.  The material terms of the sale are as follows:

a.    **Purchase Offer**.  The Trustee has received and accepted from Justin Johnson ("Buyer"), subject to higher offers and Court approval, an offer of $118,000.00 cash for the Purchase of the Real Property.  A signed copy of the Real Estate Purchase and Sale Agreement (and counteroffers) is attached hereto as **Exhibit "A."**  To the best of the Trustee's knowledge, information, and belief, Justin Johnson has no connection to the Debtor.

b.    **Earnest Money**.  The Buyer has delivered to the Trustee's Realtor earnest money of $500.00.  If the Buyer is the successful purchaser and closes the sale, the $500.00 earnest money shall be applied and credited toward the purchase price.  The earnest money shall be non-refundable in the event Buyer fails to pay the remaining purchase price or withdraws its offer prior to bankruptcy court approval of the sale.  The earnest money shall be fully refundable to the Buyer if the bankruptcy court fails to approve the sale or an objection to the proposed sale is filed and the Buyer is not the successful purchaser.

c.    **Sale "AS IS" and Without Warranty**.  The Trustee proposes to sell said Real Property in accordance with the terms and provisions contained herein to Justin Johnson "AS IS," free and clear of any and all liens, mortgages, encumbrances, or interest of any nature whatsoever and WITHOUT WARRANTY OF ANY NATURE EITHER EXPRESS OR IMPLIED.

d.    **Auction Conducted by the Court**.  In the alternative, if the court does not approve the private sale, the Trustee proposes that the court implement the terms and provisions of 11 U.S.C. § 363, and Rule 6004 of the Federal Rules of Bankruptcy Procedure which authorize the court to either: (a) sell at public auction to third parties on the same terms and provisions as

**TRUSTEE'S MOTION TO SELL REAL PROPERTY (119 PARK ST. S., HAZELTON, IDAHO) FREE AND CLEAR OF LIENS AND OTHER INTERESTS** – Page 2

provided herein for cash or cashier's check in a greater amount to be received from said third

parties; or (b) establish its own terms and conditions and hold a public auction of said Real

Property.

The Court shall, in its sole discretion, on said date:

(i)     Determine whether or not to approve the hereinabove described private sale, on the terms and provisions herein contained;

(ii)    Determine whether or not to approve the hereinabove described private sale on terms and provisions imposed by the Court; or

(iii)   Determine whether or not to conduct a public auction of said Real Property. Any person or entity desiring to participate in a public auction of the Real Property conducted by the Judge in open court must be a "Qualified Bidder." To be deemed a "Qualified Bidder" a party must do the following:

> (1)     Timely file an objection to this Motion to Sell Real Property as described in Paragraph 9 below.
>
> (2)     Tender to the Trustee, by no later than 5:00 p.m. on November 28, 2018, a deposit in the amount of $5,000.00 in certified funds, payable to "Gary L. Rainsdon, Trustee." The deposit shall be held in escrow in a segregated account of Trustee pending the closing of the sale. The full amount shall be forfeited as liquidate damages if a party is ultimately the successful bidder and fails to close the transaction because of a breach or failure to perform on the part of the successful purchaser. Should the Qualified Bidder be the winning bidder, the deposit will be retained by Trustee as a nonrefundable deposit for application against the purchase price at the closing or returned to the Qualified Bidder if the Bankruptcy Court does not approve the sale due to no fault of the successful bidder. The certified funds of unsuccessful bidders will be refunded to those parties after the close of the sale.
>
> (3)     Provide proof of funds satisfactory to Trustee evidencing that the bidder has the financial wherewithal to timely consummate the purchase of the Real Property.

If an objection to the proposed sale is filed and the bankruptcy court conducts an auction on the sale of the real property, bid amounts shall be in increments of One Thousand Dollars ($1,000.00). Nothing herein shall preclude Justin Johnson from bidding at any court ordered auction.

**TRUSTEE'S MOTION TO SELL REAL PROPERTY (119 PARK ST. S., HAZELTON, IDAHO) FREE AND CLEAR OF LIENS AND OTHER INTERESTS** – Page 3

All bidders shall be deemed to have consented to the core jurisdiction of the bankruptcy court, and to have waived any right to a jury trial in connection with any disputes relating to the auction and sale of the Real Property.

    (iv)    Determine whether or not to establish and impose its own terms and provisions and conduct in open court, a public auction of the estate's interest in said Real Property.

**SUCH MODIFIED TERMS AND PROVISIONS, IF ANNOUNCED BY THE COURT, SHALL BE BINDING ON ALL PARTIES IN INTEREST.**

4.    **Closing**.  Closing shall take place no later than thirty (30) days of the date the court signs its order approving the sale, or such other time as the court shall impose.

5.    **Trustee's Deed and Bill of Sale**.  At the time of closing, the successful purchaser shall receive a Trustee's Deed in standard form, including the applicable provisions contained herein, transferring to the purchaser all of the estate's right, title, and interest in and to the Real Property.

6.    **Sale Free and Clear**.  The Real Property is to be sold free and clear of all liens and encumbrances with all valid liens (if any) to attach to the sale proceeds pursuant to §363(f)(2), (3), and (4).  The purchase price identified herein is greater than the aggregate value of all liens on the Real Property.  The liens and encumbrances of which Trustee is aware are identified below.  For any other, unknown liens, interests, or encumbrances, Trustee contends that, if this Motion is approved without any objection from any party asserting an additional unknown lien, interest, or encumbrance, the Real Property is deemed sold free and clear of any such interests, liens, or encumbrances.  For the purposes of § 363(f)(2), the absence of an objection by holders of claims and interest in property constitutes consent to a sale free and clear of such claims and interests. *See Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("lack of objection [provided of course there is notice] counts as consent"); *In re Borders Grp., Inc.*, 453 B.R. 477, 484 (Bankr. S.D.N.Y. 2011); *In re Blixseth*, 2011 WL 1519914 *14 (Bankr. D. Mont. Apr. 20, 2011).

**TRUSTEE'S MOTION TO SELL REAL PROPERTY (119 PARK ST. S., HAZELTON, IDAHO) FREE AND CLEAR OF LIENS AND OTHER INTERESTS** – Page 4

7.      **<u>Fair Market Value</u>**.  Trustee has marketed the Real Property through Coldwell Banker Canyonside Realty.  Except for the offer from Justin Johnson, no other offers have been received.  The assessed value of the Real Property is $98,571.00.  Trustee believes the purchase price of $118,000.00 is approximate to the fair market value of the Real Property, based upon his discussion with his realtor and current market conditions.

8.      **<u>Claimed Liens or Encumbrances</u>**.  Trustee has obtained a Preliminary Title Report for the Real Property.  That report identifies the following existing and/or potential liens, interests, and/or encumbrances:

| Lienholder or Potential Lienholder | Basis for Lien or Purported Lien | Amount |
|---|---|---|
| Jerome County | 2017 Taxes | $2,137.66 |
| Jerome County | 2016 Taxes | $1,832.68 |
| A.O. Wyatt, a married man | September 15, 2015 Deed of Trust in favor of Wells A. Wyatt, Recorded on September 16, 2014, Jerome County Recorder's Instrument No. 2153595. | $45,211.36* |

*See Proof of Claim filed by A.O. Wyatt on August 13, 2018 (Claim No. 9-1).

9.      **<u>Proposed Disposition of the Proceeds</u>**.  Trustee proposes that the purchase price be distributed in the following approximate amounts at the time of closing:

| | |
|---|---|
| **Sale Price** | **$118,000.00** |
| Less *Estimated Deductions* | |
| Estimated Unpaid Property Taxes | $3,970.34  (for 2016 and 2017 taxes) |
| Estimated Closing Costs | $4,000.00 |
| A.O. Wyatt Deed of Trust | $48,793.96* |
| Total Estimated Deductions at Closing | $56,764.30 |
| **Total Estimated Net Sale Proceeds** | **$61,235.70** |

*Total payoff as of November 8, 2018.  Interest accrues at the per diem rate of $7.43.

Further, capital gains taxes, if any, will be paid from the sale proceeds.  Trustee also intends to pay a 6% Realtor Commission of $7,080.00 subsequent to an application and approval of such compensation to the Realtor (reducing net proceeds to $54,155.700).  Actual deductions for unpaid property taxes, realtor's commission, closing costs, etc., may vary depending on the actual closing

**TRUSTEE'S MOTION TO SELL REAL PROPERTY (119 PARK ST. S., HAZELTON, IDAHO) FREE AND CLEAR OF LIENS AND OTHER INTERESTS** – Page 5

date and/or sale amount.  Any liens currently attached to the Real Property will attach to the proceeds of the sale pursuant to § 363(f)(2), (3), and (4).

10.    **Objections to Sale**.  The court will conduct a hearing on the **4th day of December, 2018, at the hour of 9:00 a.m. (MST) via Video – Boise to Pocatello**, to determine and rule on the Trustee's Motion to Sell Property as set forth herein, together with any timely objections thereto.  Any objections to the sale must be filed in writing with the United States Bankruptcy Court at the above address and served upon Gary L. Rainsdon, Trustee (884 Rim View Lane East, Twin Falls, Idaho 83301); and counsel for the Trustee, Daniel C. Green, at the address set forth above on or before November 28, 2018.  You may also attend the scheduled hearing and present your views or support your filed response.  The court will resolve any objections at said hearing, if not resolved by the parties prior to the hearing.  The court may also conduct an auction of the Real Property as described in Paragraph 3(d) above.

11.    **Information**.  Every effort has been made to ensure that the information contained herein is accurate; however, the Trustee is not responsible for errors or omissions.  The successful purchaser is deemed to have full knowledge as to the estate's interest in the Real Property, including but not limited to the size, location, nature, condition, character, restrictions, title and/or other relevant information.

12.    Trustee believes and asserts that the Buyer is a good faith Purchaser and requests a finding of the same.

13.    Trustee believes the proposed sale is in the best interest of the estate and creditors.

14.    Trustee requests that approval of this sale be effective immediately and the 14 day stay imposed by Rule 6004(h) and other rules be waived.

15.    THE PROPERTY SHALL BE SOLD AS IS, WHERE IS, AND WITHOUT WARRANTY OF ANY NATURE WHATSOEVER, EITHER EXPRESS OR IMPLIED.

**TRUSTEE'S MOTION TO SELL REAL PROPERTY (119 PARK ST. S., HAZELTON, IDAHO) FREE AND CLEAR OF LIENS AND OTHER INTERESTS** – Page 6

DATED this 9th day of November, 2018.

RACINE OLSON, PLLP


By: /s/ Daniel C. Green_____
            DANIEL C. GREEN


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of November, 2018, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gary L. Rainsdon
trustee@filertel.com
id12@ecfcbis.com
tinal@filertel.com
lori@filertel.com
cblackburn@filertel.com


U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov


Ron Kerl
Ron@cooper-larsen.com
kelli@cooper-larsen.com
bobbi@cooper-larsen.com


Derrick J. O'Neill
doneill@idalaw.com
mingham@idalaw.com


David A. Coleman
david@crctflaw.com

Patrick John Geile
pgeile@foleyfreeman.com
rboyle@foleyfreeman.com
r59345@notify.bestcase.com


Randall A. Peterman
rap@givenspursley.com
kad@givenspursley.com
Wandawhite@givenspursley.com


Alex P. McLaughlin
apm@givenspursley.com
litigation@givenspursley.com
Wandawhite@givenspursley.com


Ramina Dehkhoda-Steele
rdehkhoda@wongfleming.com
rarustamova@wongfleming.com


Janine Patrice Reynard
jpr@magicvalleylaw.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the non-CM/ECF Registered Participants and the mailing matrix by first class mail, postage prepaid, addressed as follows:

Wells Alan Wyatt
2095 E. 500 South
Hazelton, ID 83335

American Express Bank, FSB
c/o Becket and Lee, LLP
P. O. Box 3001
Malvern, PA 19355

**TRUSTEE'S MOTION TO SELL REAL PROPERTY (119 PARK ST. S., HAZELTON, IDAHO) FREE AND CLEAR OF LIENS AND OTHER INTERESTS** – Page 7

Stearns Bank NA
Pam Loehr, Collection Specialist
500 13th St.
P. O. Box 750
Albany, MN 56307

PACCAR Financial Corp.
P. O. Box 1518
Bellevue, WA 98009-1518


/s/ Daniel C. Green
DANIEL C. GREEN